IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DORINCO REINSURANCE CO.,

           Petitioner,

v.

ACE AMERICAN INSURANCE CO;
ALLIANZ INSURANCE CO; ALLIED
WORLD ASSURANCE CO; ARCH
INSURANCE CO; AXIS RE LIMITED;
COMMONWEALTH INSURANCE CO;
GE FRANKONA REASSURANCE LTD;
HDI INDUSTRIE VERSICHERUNG AG;
HOUSTON CASUALTY CO; LIBERTY
MUTUAL INSURANCE CO; NATIONAL
UNION FIRE INSURANCE CO; SCOR RE
US; SYNDICATE HISCOX 33;
SYNDICATES KLN 510 & CSL 1084;
SYNDICATE SJC 2003; AND
SYNDICATE WEL 2020,

           Respondents.
_____/

Case No. 07-12622-BC
Hon. Thomas L. Ludington

**RESPONDENT SWISS RE FRANKONA REINSURANCE LIMITED'S MOTION FOR EXPEDITED DECISION ON ITS RULE 56(f) MOTION TO HOLD PETITIONER DORINCO REINSURANCE CO.'S SUMMARY JUDGMENT MOTION IN ABEYANCE PENDING COMPLETION OF DISCOVERY OR, IN THE ALTERNATIVE, TO ALLOW ADDITIONAL TIME TO SUBMIT A RESPONSE TO DORINCO'S SUMMARY JUDGMENT MOTION**

Now comes Respondent Swiss Re Frankona Reinsurance Limited (improperly named in the Complaint as "GE Frankona Reassurance Ltd.," hereinafter "SRFR") and moves this Court under Fed. R. Civ. P. 56(f), L.R. 7.1, as well as this Court's inherent discretionary power over scheduling matters, to address and decide on an expedited basis the issue of SRFR's Fed. R. Civ. P. 56(f) Motion to Hold Petitioner Dorinco Reinsurance Co's Motion for Summary Judgment in Abeyance Pending Completion of Discovery, before the current September 17, 2007, due date applicable to SRFR's response to plaintiff's summary judgment motion (and due date for any potential cross-motion for summary judgment). In the event this Court denies SRFR's 56(f) motion, SRFR requests that this Court continue the September 17, 2007, due date until thirty days after this Court has decided the issue of SRFR's Rule 56(f) to permit SRFR time to submit a response to plaintiff's summary judgment motion (and cross-summary judgment motion, if appropriate). The facts and law in support of this motion are set forth more fully in the memorandum accompanying this motion.

Pursuant to L.R. 7.1(a), SRFR states that despite placing a telephone call to opposing counsel Morley Witus' office on August 31, 2007, it was unable to conduct a conference.

                                      s/Scott R. Torpey
                                      Jaffe, Raitt, Heuer & Weiss
                                      27777 Franklin Road, Suite 2500
                                      Southfield, Michigan 48034-8214
                                      Phone: (248) 351-3000
                                      E-mail:storpey@jaffelaw.com
                                      Bar No: (P36179)

                                      Attorneys for Respondent
                                      Swiss Re Frankona Reinsurance Limited

1433476.01

**MEMORANDUM IN SUPPORT OF RESPONDENT SWISS RE FRANKONA REINSURANCE LIMITED'S MOTION FOR EXPEDITED DECISION ON ITS RULE 56(f) MOTION TO HOLD PETITIONER DORINCO REINSURANCE CO.'S SUMMARY JUDGMENT MOTION IN ABEYANCE PENDING COMPLETION OF DISCOVERY OR, IN THE ALTERNATIVE, TO ALLOW ADDITIONAL TIME TO SUBMIT A RESPONSE TO DORINCO'S SUMMARY JUDGMENT MOTION**

## LOCAL RULE 7.1(c)(2) CONCISE STATEMENT OF ISSUES PRESENTED

Whether this Court should rule immediately on Respondent Swiss Re Frankona Reinsurance Limited's Fed. R. Civ. P. 56(f) motion to hold Petitioner Dorinco Reinsurance Company's summary judgment motion in abeyance pending completion of discovery so that SRFR may have sufficient time to substantively respond to Dorinco's summary judgment motion and/or file a summary judgment cross-motion (if appropriate) by the September 17, 2007, due date? In the alternative, whether this Court should continue the September 17, 2007, due date until thirty days after this Court has decided the issue of SRFR's Rule 56(f) motion to permit SRFR time to submit a response to Dorinco's summary judgment motion in the event this Court rejects SRFR's 56(f) motion? SRFR answers yes.

## LOCAL RULE 7.1(c)(2) STATEMENT OF CONTROLLING AUTHORITY

Under L.R. 7.1(c)(2), Swiss Re Frankona Reinsurance Ltd. states that the most appropriate or controlling authority for the relief it requests is Fed. R. Civ. P. 56(f), L.R. 7.1, and this Court's inherent discretionary power over scheduling matters. *See, e.g.*, *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006) ("With good reason, district courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control.").

1433476.01

## TABLE OF AUTHORITIES

**Cases**

*Ardister v. Mansour*, 1987 U.S. Dist. LEXIS 15731 (W.D. Mich. July 17, 1987) .................. 8

*Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006) ............................................... 4, 7

**Rules**

Fed. R. Civ. P. 56(f) ................................................................................. 2, 3, 4, 7

L.R. 7.1(c)(2) ........................................................................................... 4

## TABLE OF CONTENTS

**LOCAL RULE 7.1(c)(2) CONCISE STATEMENT OF ISSUES PRESENTED** ............... 3
**LOCAL RULE 7.1(c)(2) STATEMENT OF CONTROLLING AUTHORITY** ............ 4

## **MEMORANDUM**

Petitioner, Dorinco Reinsurance Company (hereinafter, "Dorinco") filed its motion for summary judgment under Fed. R. Civ. P. 56, arguing that it is entitled to summary judgment on the allegations and requests for relief contained in its Complaint against Respondent, Swiss Re Frankona Reinsurance Limited (hereinafter, "SRFR"), as well as the other defendant reinsurers. In its Fed. R. Civ. P. 56(f) Motion to Hold Dorinco's Summary Judgment Motion in Abeyance Pending Completion of Discovery, SRFR explained to this Court that discovery is necessary to enable it to submit affidavits and/or other documentary evidence to counter Dorinco's purported "fact"-based summary judgment motion. SRFR filed this 56(f) motion early to enable the Court to decide the Rule 56(f) issue well before the current September 17, 2007, date upon which SRFR's response and any potential summary judgment cross-motion would otherwise be due. Therefore, SRFR requests that this Court exercise its discretion to decide the Rule 56(f) issue on an expedited basis, to allow SRFR time in which to respond to Dorinco's summary judgment motion (and file a cross-motion for summary judgment if appropriate) in the event this Court denies SRFR's Rule 56(f) motion.

In the alternative, SRFR requests that this Court continue the September 17, 2007, date (and the summary judgment hearing date, if necessary) to permit SRFR to submit a timely, substantive response to Dorinco's summary judgment motion (and a cross-motion for summary judgment if appropriate) should this Court deny SRFR's Rule 56(f) motion. This Court has inherent, discretionary powers over scheduling issues that undoubtedly permit it to grant the requested relief. *See, e.g., Kimble v. Hoso,* 439 F.3d 331, 336 (6th Cir. 2006) ("With good reason, district courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control."); *see also Ardister v. Mansour,* 1987 U.S. Dist. LEXIS 15731

1433476.01

(W.D. Mich. July 17, 1987) (upon denying Rule 56(f) motion, Court granted movant 30 days from date of order to respond to summary judgment motion) (**Exhibit 1**).

Accordingly, SRFR respectfully requests that this Court decide its Rule 56(f) motion in an expedited manner, or continue the September 17, 2007, due date for SRFR's response and any cross summary judgment motion until thirty days after this Court's decision on the Rule 56(f) discovery motion, if that decision is unfavorable to SRFR.

> s/Scott R. Torpey
> Jaffe Raitt Heuer & Weiss
> Attorneys for SRFR
> 27777 Franklin Road, Suite 2500
> Southfield, Michigan 48034-8214
> Phone: (248) 351-3000
> E-mail:storpey@jaffelaw.com
> Bar No: (P36179

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Morley Witus | Charles R. Tuffley |
| Barris, Sott, Denn & Driker, P.L.L.C. | Denenberg Tuffley, PLLC |
| 211 W. Fort Street, 15th Floor | 21 E. Long Lake Road, Ste. 200 |
| Detroit, MI 48226-3202 | Bloomfield Hills, MI 48304 |

Dated: August 30, 2007

> s/Scott R. Torpey
> Jaffe, Raitt, Heuer & Weiss
> 27777 Franklin Road, Suite 2500
> Southfield, Michigan 48034-8214
> Phone: (248) 351-3000
> E-mail:storpey@jaffelaw.com
> Bar No: (P36179)

1433476.01