# EXHIBIT 1

1987 U.S. Dist. LEXIS 15731, *

**HATTIE ARDISTER, for herself; MILDRED TAYLOR, for herself and her children; SUSIE MAXWELL, for herself; PAMELA READ, for herself and her children; and on behalf of a class of similarly situated individuals, Plaintiffs, v. AGNES MARY MANSOUR, Director of the Michigan Department of Social Services; and THE MICHIGAN DEPARTMENT OF SOCIAL SERVICES, Defendants and Third-Party Plaintiffs, v. SECRETARY, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Third-Party Defendant.**

**File No. G85-1163**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

*1987 U.S. Dist. LEXIS 15731*

**July 17, 1987, Decided
July 20, 1987, Filed**

**JUDGES:** [*1] ENSLEN

**OPINION BY:** RICHARD A. ENSLEN

**OPINION**

*OPINION*

Plaintiffs filed this action in November 1985 challenging federal and state regulations implementing section 402(a)(38) of the Social Security Act, *42 U.S.C. § 602(a)(38)*. After briefing and argument, this Court agreed with the Secretary of Health and Human Services' (Secretary) interpretation of this statutory provision and therefore denied plaintiffs' motion for a preliminary injunction. *See Ardister v. Mansour, 627 F. Supp. 641, 645 (W.D. Mich. 1986)*.

Plaintiffs then sought discovery of various documents from the federal third-party defendant. The Secretary produced most of the materials plaintiffs requested but objected to the production of others on the grounds of executive privilege. Plaintiffs have never moved this Court for an order compelling the Secretary to release these documents.

On April 25, 1986, the Secretary filed a motion for summary judgment and supporting memorandum. Plaintiffs responded by moving this Court to hold the summary judgment in abeyance pending completion of additional discovery through which they primarily seek certain draft federal regulations governing the duties of representative payees. [*2] The Secretary filed a memorandum opposing plaintiffs' request to hold summary judgment in abeyance.

On June 11, 1986, Magistrate Doyle Rowland denied plaintiffs' motion after hearing argument from both sides. The Magistrate concluded that plaintiffs do not need these regulations to respond to the Secretary's motion for summary judgment. *See* Magistrate's Bench Opinion at 6. The Magistrate based his conclusion on "the fact that these draft regulations are not in effect and have no bearing on the present implementation of the DEFRA amendment [*42 U.S.C. § 602(a)(38)*]." *Id.* The Magistrate ordered plaintiffs to respond to the Secretary's motion for summary judgment within thirty (30) days. *Id.*

Plaintiffs filed objections to the Magistrate's order and sought leave of Court to file supplemental objections upon their receipt of the transcript of the hearing before Magistrate Rowland. On July 3, 1986, the Secretary responded to these objections. Approximately seven weeks later, plaintiffs filed their supplemental objections.

The only issue presently before this Court is whether the Magistrate's decision denying plaintiffs' motion to hold defendants' summary judgment in [*3] abeyance is clearly erroneous or contrary to law. The Court has reviewed all of the briefs, supporting documents, and transcripts of the Magistrate's orders and opinions submitted in this case that relate to this motion.

Plaintiffs argue that the Magistrate's order precludes them from pursuing necessary and relevant discovery. Plaintiffs argue that *Fed. R. Civ. P. 56(f)* and applicable case law indicate that they are entitled to "complete dis-

1987 U.S. Dist. LEXIS 15731, *

covery." Plaintiffs argue that there are factual disputes which exist concerning the relationship between Title 11 of the Social Security Act and the AFDC statute, *42 U.S.C. § 602 et seq*, and the implementing regulations under those programs. Plaintiffs contend that to the extent that the Magistrate's order indicates that they are not entitled to further discovery, it is clearly erroneous.

*Rule 56(f) of the Federal Rules of Civil Procedure* provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits [*4] to be obtained or depositions to be taken, or discovery to be had, or make such other order as is just.

Defendants generally concede that full discovery is strongly favored especially in the face of a *Rule 56(f)* affidavit. Here, however, defendants argue that there are no facts which plaintiffs could arguably develop to escape the effect of a statute and/or regulations. *Cf. Miller v. United States, 710 F.2d 656 (10th Cir. 1983)*. Defendants argue that the issue here is a legal one and that both parties have access to the relevant congressional hearings, statutes, and regulations in the Federal Register and the Code of Federal Regulations. Defendants argue that to allow plaintiffs to obtain draft regulations would not further their interest in this case.

The Magistrate noted that both parties argued well but found that these draft regulations were not yet in effect, and that in any event, they had no bearing on the present implementation of the DEFRA amendment. The Magistrate rejected plaintiffs' argument that plaintiffs needed the draft regulations in order to respond to third-party defendant's motion for summary judgment.

The Court is not persuaded by [*5] plaintiff's reliance on *Gibson v. Sallee v. Bowen*, Civ. No. 3-85-1283 (M.D. Tenn.) which apparently ordered that the draft regulations be turned over pursuant to plaintiffs' motion to compel production of documents. The Court finds that this is especially true given the present posture of

this case and based on the Court's earlier opinion which denied plaintiff's motion for a preliminary injunction.

Similarly, the Court is not persuaded by plaintiffs' argument that further discovery may demonstrate the truth of their assertion that they are in danger of criminal prosecution under section 408(e) of the Act. The Court *is* persuaded by defendants' argument that even without the draft regulations which plaintiffs claim they need, the Secretary must follow Congress's intent in enacting *Section 602(a)(38)*.

The Magistrate noted, and the Court agrees, that a motion under *Rule 56(f)* is generally not granted where the party seeking a continuance seeks to discover matters irrelevant to the subject matter of the litigation. *Exxon Corporation v. F.T.C., 663 Fed. 2d 120 (D.C. Cir. 1980).*

Plaintiffs have failed to convince the Court that the Magistrate's decision [*6] denying what is essentially a *Rule 56(f)* motion was clearly erroneous or contrary to law. Accordingly, for all the reasons previously given, the Court will enter an order denying plaintiffs' motion to hold third-party defendant's motion for summary judgment in abeyance and direct that the plaintiffs respond to third-party defendant's motion for summary judgment within thirty (30) days of the entry of this order.

RICHARD A. ENSLEN, U.S. District Judge

DATED in Kalamazoo, MI: July 17, 1987

*ORDER*

In accordance with the opinion entered July 17, 1987;

IT IS HEREBY ORDERED that plaintiffs' objections to the Magistrate's order of June 17, 1986 are overruled and plaintiffs' motion to hold third-party defendant's motion for summary judgment in abeyance is DENIED;

IT IS FURTHER ORDERED that the Magistrate's opinion and order of June 17, 1986 is APPROVED and ADOPTED, as modified, as the opinion and order of the Court;

IT IS FURTHER ORDERED that plaintiffs respond to third-party defendant's motion for summary judgment within thirty (30) days of the entry of this order.

RICHARD A. ENSLEN, U.S. District Judge

DATED in Kalamazoo, MI: July 17, 1987