UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DORINCO REINSURANCE CO.,

        Petitioner,

v.

ACE AMERICAN INSURANCE CO.,
ALLIANZ INSURANCE CO., ALLIED
WORLD ASSURANCE CO., ARCH
INSURANCE CO., AXIS RE LIMITED,
COMMONWEALTH INSURANCE CO.,
SWISS RE FRANKONA REINSURANCE
LIMITED, HDI INDUSTRIE VERSICHERUNG
AG, HOUSTON CASUALTY CO., LIBERTY
MUTUAL INSURANCE CO., NATIONAL
UNION FIRE INSURANCE CO., SCOR
REINSURANCE CO., SYNDICATE
HISCOX 33,SYNDICATES KLN 510 & CSL 1084,
SYNDICATE SJC 2003, AND
SYNDICATE WEL 2020,

        Respondents.
_____/

Case No. 07-12622
Hon. Thomas L. Ludington

## **ORDER DENYING RESPONDENTS' MOTION FOR STAY UNDER RULE 62 PENDING APPEAL OF THIS COURT'S JUDGMENT**

This matter is presently before the Court on Respondent Swiss Re Frankona Reinsurance Limited and Scor Reinsurance Company's ("Respondents")[1] motion for stay pending appeal of this Court's judgment [Dkt. # 66]. Petitioner Dorinco Reinsurance Company ("Petitioner") opposes

---

[1] Respondents Allianz Insurance Company filed a notice of joinder with Respondents' motion. Dkt. # 68. Ace American Insurance Company, Allied World Assurance Company, Arch Insurance Company, Axis Re Limited, Commonwealth Insurance Company, HDI Industrie Versicherung AG, Houston Casualty Company, Liberty Mutual Insurance Company, National Union Fire Insurance Company, Syndicate Hiscox 33, Syndicates KLN 510 & CSL 1084, Syndicate SJC 2003, and Syndicate WEL 2020 (collectively known as "Certain Respondents") also joined Respondents' motion to stay. Dkt. # 80.

Respondents' motion contending that Respondents have not demonstrated a stay is warranted under the factor approach discussed in *Michigan Coalition of Radioactive Material Users, Inc., v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the briefs. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2).

Petitioner Dorinco Reinsurance Company ("Petitioner") provided approximately $1.2 billion of casualty coverage for Dow Chemical Company's ("Dow") facilities located on the gulf coast of Texas and Louisiana. In 2005, two of those insured facilities were damaged by Hurricane Katrina and Rita. Allegedly, Dow suffered approximately $270 million worth of damage to those facilities, which Dorinco agreed to cover under the Dorinco policy.

Petitioner had sold portions of its Dorinco policy to various reinsurance companies, including Respondents. Respondents individually executed certificates with Petitioner, agreeing to provide a certain amount of coverage for the Dorinco policy. Each of the certificates incorporated the following arbitration provision:

> As a precedent to any right of action hereunder, if any dispute shall arise between the Company and the Reinsurer(s) with reference to the interpretation of this Certificate or their rights with respect to any transaction involved, whether such dispute arises before or after termination of this certificate, such dispute, upon the written request of either party, shall be submitted to three arbitrators, one to be chosen by each party, and the third by the two so chosen. If either party refuses or neglects to appoint an arbitrator within thirty days after receipt of written notice from the other party requesting to do so, the requesting party may appoint two arbitrators.

After Dow's facilities were damaged, Petitioner sought reimbursement from the reinsurers under the certificates. Respondents disputed the amount owed under the Dorinco policy, and refused to provide the coverage for the amount demanded.

Thereafter, Petitioner demanded two arbitration proceedings to resolve the dispute with Respondents. Petitioner demanded an arbitration panel to resolve each dispute surrounding Hurricane Katrina and Hurricane Rita, respectively. Reinsurers refused to collectively appoint a single arbitrator to each panel, asserting that each was entitled to an individual arbitration proceeding with Petitioner. On June 20, 2007, Petitioner filed a petition in this Court to compel Reinsurers to appoint an arbitrator to each of the demanded panels.

Petitioner moved for summary judgment contending that the arbitration provision unambiguously called for consolidated arbitration proceedings, or in the alternative, that the Court should compel Petitioner and Respondents to appoint a single arbitrator to a panel specifically convened to determine the consolidation issue. Certain Respondents filed a cross motion for summary judgment asserting that the Court lacked authority to order Respondents to jointly appoint an arbitrator and that the arbitrators should adjudicate the intent of the arbitration provision.

On January 23, 2008, this Court granted in part Petitioner's motion for summary judgment. Dkt. # 64. The Court concluded that the arbitration provision was indeed ambiguous and that the arbitration panels, as demanded by Petitioner, should resolve the question of the parties' intent with respect to a consolidated panel or individual panels.

Respondents and Petitioner agree that the Court's determination of the motion for stay is guided by the following factors discussed in *Michigan Coalition of Radioactive Material Users, Inc., v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991): "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4)

the public interest in granting the stay." Not surprisingly, however, the parties offer conflicting views when applying the instant facts to those factors.

In order to demonstrate the likelihood of success on appeal, the movant does not always need to demonstrate a high probability of success on the merits. *Id.* (citation omitted). The movant, however, is required to establish "more than the mere possibility of success on the merits." *Id.* (citation and internal quotation omitted). The likelihood of success is "inversely proportional to the amount of irreparable injury [a movant] will suffer absent the stay." *Id.*

Next, in evaluating the potential for irreparable harm, a court evaluates the degree of injury, the likelihood that such injury will occur, and the proof provided. *Id.* at 154. The Sixth Circuit acknowledged that:

> [I]t is important to remember that the key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Id.* (quoting *Sampson v. Murray*, 415 U.S. 90, 94 (1974) (quoting *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958))). Moreover, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* (citation omitted). In the context of an order mandating parties to arbitrate a matter, it would be "extraordinarily rare" for a party to demonstrate irreparable harm. *Graphic Communication Union v. Chicago Tribune Company*, 779 F.2d 13, 16 (7th Cir. 1985). A movant must "provid[e] specific facts and affidavits supporting that these factors exist." *Michigan Coalition*, 945 F.2d at 154 (citation omitted).

With respect to the first factor, Respondents contend that there are "serious questions going to the merits" because this Court "disregarded" the holding in *Green Tree Financial Corp. v. Bazzle*,

539 U.S. 444, 452-53 (2003). Dkt. # 66 at 12. Petitioner maintains that this Court's earlier decision was "fully in line" with *Green Tree* and other federal decisions. Dkt. # 72 at 10. The Court acknowledges that there is a limited amount of existing Sixth Circuit precedent germane to the instant matter in the wake of the holding in *Green Tree*. It is not unreasonable for Respondents to assert that the Sixth Circuit may reach a different conclusion. Notwithstanding Respondents' contention that "serious questions" exist, they have not met their burden under the first factor. Though Respondents assert that the Court "disregarded" *Green Tree*, this Court reached its decision primarily on *Green Tree*'s holding that it is an arbitrator that must resolve the question of the parties' intent. As such, the Court ordered the parties to submit the issue to the panels, as initially demanded by Petitioner. In the Court's view, the decision is consistent with applicable Supreme Court authority and Respondents have not adequately demonstrated a likelihood of success on the merits.

Next, Respondents have not demonstrated that arbitrating the matter will lead to irreparable injury. As a starting point, the Court finds Respondents will not be irreparably harmed by participating in the arbitration proceeding. The cost and inconvenience associated with litigating a matter does not equate to irreparable harm. *See PaineWebber, Inc. v. Farnam*, 843 F.2d 1050, 1051 (7th Cir. 1988) (Recognizing the principle that "the ordinary incidents of litigating or (arbitrating) a case are not 'irreparable injury'"). Respondents allege that participating in the arbitration infringes on their ability to individually select an arbitrator and to maintain confidentiality. Dkt. # 66 at 13. These possible harms are not irreparable. First, the arbitration panels may determine that the parties intended to resolve disputes with individual panels and Respondents would avoid harm entirely. Second, to the extent that Respondents assert that

submitting jointly selected arbitrators to each of the panels threatens confidentiality, Respondents have not provided specific facts asserting the manner in which proceeding in a joint arbitration would threaten confidentiality.

Additionally, Respondents contend that absent a stay, the arbitration panel will likely reach a decision prior to the resolution of Respondents' appeal, thereby mooting the issue. Dkt. # 66 at 13-14. The fact that an appeal could become moot, does not in and of itself demonstrate irreparable harm. Respondents' offered authority does not persuade the Court that the possibility of the appeal becoming moot demonstrates irreparable harm. *See John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (holding stay was warranted because otherwise lower court's ruling to grant FOIA request had substantial risk of jeopardizing on-going criminal investigation and leading to irreparable harm); *See also In re Bart*, 82 S.Ct. 675 (D.C. Cir. 1962) (holding that denying stay would lead to irreparable harm when it was likely that movant would serve entire prison term before completion of normal course of appellate review). Thus, the Court concludes that Respondents have not demonstrated that absent a stay they are subject to irreparable harm.

In summary, the Court concludes that a stay is not warranted in this matter. Though Respondents disagree with the Court's earlier decision, they have not adequately demonstrated a likelihood of success on the merits before the Sixth Circuit. Moreover, Respondents have not demonstrated that proceeding to arbitration will lead to irreparable harm. In consideration of the "inverse proportionality" of these two factors, Respondents have not met their burden and there is no justification for attention to the additional factors discussed in *Michigan Coalition,* 945 F.2d at153. Thus, the Court will deny Respondents' motion for stay pending appeal. Additionally, the Court does not see a basis for granting an interim stay, considering the above analysis.

Accordingly, it is **ORDERED** that Respondents Swiss Re Frankona Reinsurance Limited and Scor Reinsurance Company's motion for stay under Rule 62 pending appeal of this Court's judgment [Dkt. # 66] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 5, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS

---